By the Court.—Monell, J.
The only question we *192 can examine upon this appeal, arises from the exception to the denial of the motion to dismiss the complaint.
The facts in dispute were settled "by the jury, and are not open to review on this appeal. Nor was there any exception to the charge of the court, which, it must be assumed, was in all things correct.
The question, therefore, is, can a, real estate agent, under such facts and circumstances as are disclosed in this case, claim compensation from each of the parties, to an exchange of property ?
As put to the jury, they were authorized to find, that the defendant knew the plaintiff was acting as the agent of Hunt & Winters ; and that they also knew that he was the acting agent of the defendant. In short, that it was well known that the plaintiff was the agent of both parties, and expected compensation from each.
The general principle which forbids a broker or agent from negotiating, as well for the purchaser as for the vendor of property, is founded on the policy of securing to the principal the best and most faithful services of the agent, which cannot ordinarily be done, if the agent’s efforts are at the same time also directed to making the best bargain for the other party. But the principle has its foundation in the actual or constructive fraud of the agent, who, by concealment or misrepresentation of his other employment, secures the confidence of his principal.
Mr. Justice Story says (Story on Ag. § 31), “ It would be a fraud in a broker to act for both parties, concealing his agency for one from the other, in a case where he was entrusted by both with a discretion as to buying and selling.” And again, “it is plain, that if this mutual agency is concealed, it might operate as a complete surprise upon the confidence of both parties.”
But I am unaware of any principle which forbids a broker or real estate agent from acting as the agent of *193 both parties, where it is done without concealment or other fraud. If, therefore, both vendor and purchaser employ the same agent, knowing that he is employed by, and is acting for, both, I can see no reason why his acts should not be upheld, and be entitled to be compensated by both.
In Cassard v. Hinman (6 Bosw. 8), the contract of the defendant, which he had made through a broker, was repudiated on the ground, that, while the broker persuaded the defendant to employ him as his agent, he was “the secret and fraudulent agent of the other party, to induce the defendant to make the contract.”
But there cannot be a fraud, if all the parties are acting openly, in good faith, and without concealment.
In Dunlap v. Richards, 2 E. D. Smith, 181, which was an action by an agent who had been employed by-both vendor and purchaser, to recover compensation from one, the ground upon which the law rejects such dual employment is stated to be the secrecy of the employment, and the concealment of it from one and the other.
And in Pugsley v. Murray (4 E. D. Smith, 245), it is held, that compensation may be taken from both parties, if, where with full knowledge of the facts that the broker was employed by both and expected pay from both, the party actually promised to pay.
Although there was some evidence of a promise to pay mad e by the defendant, with a full knowledge of the facts, the case was not put to the jury on that ground. But the promise might be available as showing a ratification of the acts-of the plaintiff, after a full knowledge of all the circumstances, and such ratification would render the original employment obligatory upon the defendant (Story on Agency, § 210).
Upon the question submitted to the jury under the charge of the court, they have found, that it was mutually understood that the plaintiff was acting as *194 agent for the defendant, and for Hunt & Winters, and expected pay from each ; and in considering the question raised by the motion to dismiss the complaint, we must assume the facts to be as found by the jury; and those facts disclose a fair and open transaction, which the law will sanction and uphold.
The evidence relating to the title to the lots, which was objected to by the defendant, was probably immaterial to the issues between the parties. But we cannot see that it could, or did, work any injury to the defendant.
The judgment should be affirmed.